IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVE M. HALE, <br> Reg. No. 16219-056, <br><br> Petitioner, <br><br> v. <br><br> WALTER WOOD, WARDEN, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO.: 2:19-CV-710-RAH-SRW <br> ) [WO] <br> ) <br> ) <br> ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.  INTRODUCTION**

This case is before the Court on a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Steve Hale. At the time he filed the petition, Hale was incarcerated at the Federal Prison Camp in Montgomery, Alabama, serving a sentence of 97 months for Conspiracy to Commit Interstate Transport of Stolen Property in violation of 18 U.S.C. § 371; Interstate Transport of Stolen Property in violation of 18 U.S.C. § 2314; False State Income Tax Return in violation of 28 U.S.C. § 7206(1); Failure to Collect, Account for, and Pay Employee Income Taxes and FICA Taxes in violation of 26 U.S.C. § 702; and Obstruction in violation of 18 U.S.C. § 1503(A) & 2. Doc. 15-1. Hale argues in this action that, based on his age and amount of time served, he meets the eligibility requirements for early release to home confinement under the First Step Act of 2018.[1] Doc. 1 at 1. Hale seeks an order directing the Bureau of Prisons ("BOP") to transfer him to home

---

[1] Pub. L. No. 115–391, §§ 504, 603, 132 Stat. 5194 (2018).

1

confinement to serve the remaining portion of his imposed sentence less any earned good time earned. Doc. 1 at 2–3.

Respondent filed a response and supporting evidentiary materials in which he asserts that the Petition is due to be dismissed because Hale was released to home confinement effective October 17, 2019. Docs. 15, 15-3 at 2.  Respondent argues that Hale's claims are moot because he has received the relief he sought in filing this petition. Doc. 15 at 3. On February 21, 2020, the Court entered an order granting Hale an opportunity to respond to Respondent's response (Doc. 16) but his copy of this order was returned to the Court, marked as undeliverable.

## II. DISCUSSION

### A. Jurisdiction & Venue

The law is settled that a 28 U.S.C. § 2241 petition for writ of habeas corpus is the proper vehicle for a prisoner to challenge the manner, location, or execution of his sentence. *See Lopez v. Davis*, 531 U.S. 230, 236 (2001); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006). Jurisdiction is determined at the time the action is filed.  *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994). Hale claims that he is entitled to serve the remainder of his imposed sentence on home confinement under the First Step Act because he meets the eligibility requirements found in 34 U.S.C. § 60541(g). Because Hale challenges the execution of his sentence, this Court has jurisdiction over his 28 U.S.C. § 2241 claims. Further, because Hale was incarcerated in this district when he filed this action, venue is proper.  *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) (holding that, generally, a 28 U.S.C. § 2241petition for habeas corpus relief "may be brought only in the district court . . . in which the inmate is incarcerated.").

**B.     Mootness**

To obtain relief in this habeas action, Hale must demonstrate that he "is [currently] in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under Article III, § 2 of the United States Constitution, federal courts are barred from hearing matters, including habeas petitions, in the absence of a live case or controversy. *See e.g., Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Deakins v. Monaghan,* 484 U.S. 193, 199 (1988). For a live case or controversy to exist at all time in the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank,* 494 U.S. 472, 477 (1990); *see also North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (*per curiam* ) (observing that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them").

"[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (internal quotation marks and citation omitted). "When effective relief cannot be granted because of later events, the [case] must be dismissed as moot." *Westmoreland v. National Transportation Safety Board,* 833 F.2d 1461, 1462 (11th Cir. 1987); *American Rivers v. Nat'l Marine Fisheries Service,* 126 F.3d 1118, 1123 (9th Cir. 1997) (holding that "[i]f an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). "It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992) (internal

quotation marks and citation omitted); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) (explaining that a federal court no longer has jurisdiction over a case that has become moot). In the specific context of habeas petitions, the case or controversy requirement warrants a finding of mootness if (1) the petitioner receives the relief requested or (2) the court is unable to provide the petitioner with the relief sought. *See Munoz v. Rowland,* 104 F.3d 1096, 1097–98 (9th Cir. 1997).

Hale's objective in filing this action was to be transferred to home confinement to serve the remaining portion of his imposed sentence, but Hale was released to home confinement effective October 17, 2019, and has since been released from BOP custody.[2] The Court cannot give Hale meaningful habeas relief on his claims, and he has made no allegation that he will be subject to any future adverse consequences related to his claims. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).  Because there is no longer a case or controversy to litigate here, Hale's request for habeas relief is moot and this action is due to be dismissed. *See United States ex rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (finding challenge to parole regulation mooted by release as a favorable decision would not entitle petitioner to any additional relief).

### III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that the 28 U.S.C. § 2241 Petition for Habeas Corpus relief filed by Steve Hale be DISMISSED with prejudice as moot.

---

[2] Information obtained from the BOP's website reflects that Hale was released from BOP custody on March 3, 2021. Available at https://www.bop.gov/inmateloc/ (last visited February 3, 2022).

It is ORDERED that **by March 16, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 1st day of March, 2022.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge